# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| NOEMI SAENZ, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 2:19-CV-507-PPS-JPK |
| | ) |
| ROBERT D. JONES, *et al.*, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendants United Van Lines, LLC ("United Van Lines") and Schroeder Moving Systems, Inc. ("Schroeder Moving Systems") invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the parties seeking federal jurisdiction, Defendants United Van Lines and Schroeder Moving Systems have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Noemi Saenz and Defendants, Robert D. Jones, United Van Lines, and Schroeder Moving Systems, must be citizens of different states, and the amount in controversy must be more than $75,000. Defendants United Van Lines and Schroeder Moving Systems have alleged a sufficient amount in controversy. Defendants United Van Lines and Schroeder Moving Systems have also sufficiently alleged the citizenship of Plaintiff

and Defendants Robert D. Jones and Schroeder Moving Systems. However, the allegations are insufficient as to the citizenship of Defendant United Van Lines.

The Notice of Removal alleges that Defendant United Van Lines is a "Missouri Limited Liability Company with its principal place of business in Missouri." (Notice of Removal ¶ 16, ECF No. 1). These allegations are insufficient for the purpose of determining citizenship.

A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the identity of each of Defendant United Van Lines' members and advised of each member's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company are citizens of a particular state. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Given the importance of determining the Court's jurisdiction to hear this case, Defendants United Van Lines and Schroeder Moving Systems must sufficiently allege the citizenship of Defendant United Van Lines as outlined above. Therefore, the Court **ORDERS** Defendants United Van Lines and Schroeder Moving Systems to **FILE**, on or before **January 29, 2020**, a

supplemental jurisdictional statement that properly alleges Defendant United Van Lines' citizenship as stated above.

So ORDERED this 15th day of January, 2020.

s/ Joshua P. Kolar<br>
MAGISTRATE JUDGE JOSHUA P. KOLAR<br>
UNITED STATES DISTRICT COURT