UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NOEMI SAENZ, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:19-CV-507-PPS-JPK |
| | ) |
| ROBERT D. JONES, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. On January 15, 2020, the Court ordered Defendants United Van Lines, LLC ("United Van Lines") and Schroeder Moving Systems, Inc. ("Schroeder Moving Systems") to file, on or before January 29, 2020, a supplemental jurisdictional statement that properly alleged the citizenship of Defendant United Van Lines. On January 29, 2020, Defendants Robert D. Jones, who appeared in this matter after the Court's January 15, 2020 Order, United Van Lines, and Schroeder Moving Systems filed a supplemental jurisdictional statement. For the following reasons, the allegations contained in the supplemental jurisdictional statement are insufficient.

The supplemental jurisdictional statement contains the following allegations regarding the citizenship of Defendant United Van Lines:

> 7. Defendant, UNITED VAN LINES LLC is a Limited Liability Company formed in the State of Missouri with its principal place of business in Missouri.
>
> 8. Each of the members of Defendant, UNITED VAN LINES, LLC, is a citizen of Missouri and none of the individual members of UNITED VAN LINES, LLC, are citizens of the state of Indiana. Therefore, UNITED VAN LINES, LLC, is a citizen of the State of Missouri.

(Suppl. Jurisdictional Statement ¶ 7-8, ECF No. 11). These allegations are insufficient as to the citizenship of Defendant United Van Lines.

As stated in the Court's January 15, 2020 Order, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The Court further explained that it must be advised of the identity of each of Defendant United Van Lines' members and advised of each member's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Not only is it insufficient to broadly allege that all members of a limited liability company are citizens of a particular state, it is also insufficient to allege that a party is *not* a citizen of a particular state. *Cameron v. Hodges*, 127 U.S. 322, 324-25 (1888); *see Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). States of citizenship must be explicitly named. *Cameron*, 127 U.S. at 325. Finally, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

The Seventh Circuit Court of Appeals has explicitly rejected the type of allegations offered by Defendants in their supplemental jurisdictional statement. In *America's Best Inns, Inc.*, the parties provided the court with two affidavits regarding the citizenship of the defendant. An affidavit from defense counsel stated, "[b]ased upon my personal knowledge, each of the limited partners of Best Inns of Abilene, L.P., was a resident of Kansas at the time the Complaint in the underlying action, Cause No. 90–C–4087, was filed." *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992). An affidavit from the president of the corporate plaintiff stated, "[t]o the best of my knowledge and belief . . . none of the limited partners of Best Inns of Abilene, L.P. were citizens of the State of Illinois nor of the State of Delaware at the time the

complaint was filed." *Id.* The Court of Appeals held that neither of these statements adequately addressed the court's concerns regarding the citizenship(s) of all partners and remanded the case with instructions to dismiss for lack of subject matter jurisdiction. *Id.* The court specifically explained that, among other deficiencies,

> neither of the affidavits identifies the limited partners at the time the complaint was filed. It is impossible to determine diversity of citizenship without knowing who the persons in question are. And litigants instructed to specify the partners and their citizenship may not respond with a vacuous statement such as "no partner is a citizen of Illinois."

*Id.*

The allegations offered by Defendants in the instant matter are similarly deficient. Given the importance of determining the Court's jurisdiction to hear this case, Defendants must sufficiently allege the citizenship of Defendant United Van Lines as outlined above. Specifically, Defendants must identify the members and the citizenship of each member of Defendant United Van Lines. If any member of United Van Lines is itself a limited liability company or limited partnership, Defendants must also allege the citizenship of those members and/or partners through every layer of membership.

Therefore, the Court **ORDERS** Defendants to **FILE**, on or before **March 2, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of Defendant United Van Lines as outlined above.

So ORDERED this 30th day of January, 2020.

s/ Joshua P. Kolar<br>
MAGISTRATE JUDGE JOSHUA P. KOLAR<br>
UNITED STATES DISTRICT COURT